FEDERAL DEPOSIT INSURANCE COR-
PORATION, as liquidating agent and re-
ceiver of Olympic International Bank &
Trust Company, Plaintiff,

v.

**Robert ABRAMS, et al., Defendants.**

**Civil Action No. 95–11332–EFH.**

United States District Court,
D. Massachusetts.

July 9, 1997.

Anil Madan, Madan & Madan, P.C., Bos-
ton, MA, Michael A. Fitzhugh, Fitzhugh &
Associates, Boston, MA, for Plaintiff.

James M. Miller, Akerman, Senterfitt &
Eidson, PA, Miami, FL, Alan H. Segal, Law
Office of Alan H. Segal, Braintree, MA, for
Robert Abrams.

Edward J. Lonergan, Boston, MA, for
Frank N. Cardullo.

Robert R. Berluti, Robert A. Berluti &
Associates, Boston, MA, for Peter S. Dona-
dio.

Evans J. Carter, Hargraves, Karb, Wilcox
& Galvani, Framingham, MA, for Jon A.
Lichter.

Kenneth M. Goldstein, Goldstein & Gold-
stein, Brookline, MA, for Joseph A. Milano.

John M. Connolly, Meyer, Connolly & Slo-
man, Boston, MA, for Victor A. Nicolazzo.

David G. Hanrahan, Boston, MA, for Carol
Sawyer Parks.

F. Dennis Saylor, IV, Andrea C. Kramer,
Goodwin, Procter & Hoar, Boston, MA, for
Dominic J. Saraceno.

Melvin Ravech, Ravech, Roy & Ravech,
P.C., Boston, MA, for David Spiegel.

Bartholomew P. Molloy, Molloy & Associ-
ates, PC, Milford, MA, for Michael Tierney.

Howard Wayne, Eugene R. Richard,
Wayne, Richard, Hurwitz & McAloon, Bos-
ton, MA, for Gerald R. Walsh.

Matthew J. McDonnell, Quincy, MA, for
Thomas F. Collins, III.

Ira H. Zaleznik, Lawson & Weitzen, Bos-
ton, MA, for David Cowens, K.C. Jones.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This action was filed by the FDIC Olympic
International Bank & Trust Company Re-
ceiver ("FDIC Olympic Receiver") to recover

**20**

on behalf of the Olympic receivership estate millions of dollars in losses resulting from acts of negligence, gross negligence, breach of fiduciary duty, and breach of contract by Olympic International Bank & Trust Company's former directors (the "defendants").

Defendants have moved for summary judgment in their favor on the ground that they are entitled, under Mass. Gen. L. ch. 231B, § 4, to a settlement credit of $58.5 million—an amount greater than the liability asserted against them in this action—as a result of a 1994 *global* settlement payment made by KPMG Peat Marwick ("Peat Marwick") to the FDIC in all its capacities, without limitation, in settlement of its liability in actions involving many banking institutions, including the Olympic International Bank & Trust Company. Peat Marwick was Olympic Bank's auditors.

The Massachusetts statute at issue here is drawn from the 1955 version of the Uniform Contribution Among Tortfeasors Act ("UCATA"). Section 4 of the Massachusetts UCATA statute provides as follows:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury:
>
> (a) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but *it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater;*
>
> (b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

The precise issue raised in this case, namely, the application of Section 4 of the Massachusetts UCATA to a global settlement involving many actions, appears not to have been previously decided.

In that the terms of the global settlement between Peat Marwick and the many banking institutions did not provide for the *discharge* of any of the other tortfeasors from liability, summary judgment cannot be granted under this provision of the statute.

Likewise, under the provision relating to reducing the claim against the other tortfeasors "to the extent of any amount stipulated by the release or the covenant," no amount having been so stipulated in the global settlement, summary judgment cannot be granted under this provision of the statute.

Under the provision relating to reducing the claim against the other tortfeasors "in the amount of the consideration paid for (the release or the covenant)," that "amount" paid to the FDIC Olympic Receiver by Peat Marwick in settlement of its liability in the Olympic Bank action itself has not yet been determined and is in dispute at this stage of the proceedings, the FDIC Olympic Receiver claiming that amount to be $0.00; the defendants claiming that amount to be the entire $58.5 million.

The term "in the amount of the consideration paid" in a global settlement involving many actions means that amount of money *actually* received by the FDIC attributable to the settlement of the Olympic Bank matter itself. That actual amount of money, being in dispute, must be established as a matter of fact by evidence and not by judicial fiat. Fairness to all of the parties demands it, for otherwise the plaintiff and defendants in this case would receive either a credit or a debit in an amount of money not due them.

The Defendants' Motion for Summary Judgment is denied.

**SO ORDERED.**